IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICHITA M. HACKFORD, RICHARD D. HACKFORD, NATHAN S. COLLETT, & OPAL S. HACKFORD,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF UTAH, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO QUASH SERVICE OF PROCESS AND TO DISMISS FOR FAILURE TO SERVE WITHIN TIME LIMITS<br><br>Case No. 2:11-CV-84 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

This case was referred to the Magistrate Judge pursuant to 28 U.S.C §636(b)(1)(B).[1]

Defendants State of Utah, Utah Division of Adult Probation and Parole ("AP&P"),[2] Brad Draper, and Tom Kosmack ("State Defendants") have moved to quash service of process.[3]

Plaintiffs filed this action in the Eighth Judicial District Court for Duchesne County, Roosevelt Department, State of Utah on October 6, 2010.[4] The case was removed to federal court on January 21, 2011.[5] The original motion to quash was filed before removal to federal court.[6] Service attempted prior to removal will be analyzed under the Utah Rules of Civil Procedure.

---

[1] Docket no. 4, filed January 24, 2011.

[2] Plaintiffs designate this defendant "Roosevelt Adult Probation & Parole."

[3] State Defendants' Motion to Quash Service of Process and to Dismiss for Failure to Serve Within Time Limits, docket no. 9, filed April 28, 2011

[4] Memorandum in Support of State Defendants' Motion to Quash Service of Process and to Dismiss for Failure to Serve Within Time Limits (Supporting Memorandum) at 2, ¶ 1,docket no. 10, filed April 28, 2011.  The pages of the Supporting Memorandum are not numbered.  The page numbers cited by the court refer to the pages displayed when the memorandum is viewed electronically.

[5] Notice of Removal of a Civil Action from State Court to Federal Court, docket no. 1, filed January 21, 2011.

[6] Supporting Memorandum at 2, ¶ 3.

Plaintiffs attempted service on the State of Utah by mailing the complaint to the Governor's office, where it was received on December 22, 2010.[7] Rule 4(d)(1)(J) of the Utah Rules of Civil Procedure requires that service upon the State of Utah be made "by delivering a copy of the summons and the complaint to the attorney general and any other person or agency required by statute to be served." A summons and complaint have not been personally served on the State of Utah by delivering a copy to the Utah Attorney General.[8]

Plaintiffs attempted service on Defendant AP&P, and on Defendants Draper, and Kosmack by U.S. Mail to the Roosevelt, Utah offices of AP&P, where it was received in early January 2011.[9] Utah Rule Civ. P. 4(d)(1)(K) requires service "[u]pon a department or agency of the state" to be made "by delivering a copy . . . to any member of its governing board, or to its executive employee or secretary." A summons and complaint have not been personally served on a member of AP&P's governing board or executive employee or secretary.[10] Utah R. Civ. P. 4(d)(1)(A) provides for service upon an individual by:

> delivering a copy of the summons and the complaint to the individual personally, or by leaving a copy at the individual's dwelling house or usual place of abode with some person of suitable age and discretion there residing, or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.

A summons and complaint have not been personally served on either of the individual defendants, Draper or Kosmack.[11]

---

[7] Supporting Memorandum at 2, ¶ 6. Copies of the return receipts for the attempted service are attached as Exhibit 3 to Plaintiffs' Motion in Opposition to Memorandum in Support of State Defendants' Motion to Quash Service of Process and to Dismiss for Failure to Serve Time Limits (Opposition Memorandum), docket no. 16-5, filed May 2, 2011. The Exhibit with these return receipts will be referred to as the "Service Exhibit." The return receipt for the mailing to the State of Utah is at page 5 (as viewed electronically) of the Service Exhibit.

[8] Supporting Memorandum at 2, ¶ 7.

[9] *Id.* at 2-3, ¶ 8. See Service Exhibit at 11.

[10] Supporting Memorandum at 3, ¶ 10.

[11] *Id.* at 3, ¶ 9.

Plaintiffs have not properly served Defendants State of Utah, Roosevelt AP&P, Brad Draper, and Tom Kosmack.  Plaintiffs' attempt at service of process should be quashed as to the State Defendants.

The movants also ask that the case be dismissed.[12]  While dismissal without prejudice might be justified because the Utah[13] and federal rules[14] require service be made within 120 days of filing of an action, the magistrate judge declines, at this time, to dismiss this case by these pro se plaintiffs.

## ORDER

IT IS HEREBY ORDERED that the State Defendants' Motion to Quash Service of Process and to Dismiss for Failure to Serve Within Time Limits[15] is GRANTED IN PART and service of process is QUASHED as to the these moving defendants.  The motion to dismiss is DENIED.

IT IS FURTHER ORDERED that the Plaintiffs shall have 90 days from entry of this order to effect proper service on these defendants.  Failure to do so will result in dismiss of these defendants from the case.

Dated this 5th day of September 2011.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[12] *Id.* at 5.

[13] Utah R. Civ. P. 4(b)(i).

[14] Fed. R. Civ. P. 4(m)

[15] Docket no. 9.