**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **RICHITA MARIE HACKFORD, et al.,** | **REPORT AND RECOMMENDATION** |
| **Plaintiffs,** | |
| **v.** | **Case No. 2:11-cv-84-DB-PMW** |
| **STATE OF UTAH, et al.,** | **District Judge Dee Benson** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  At the outset, the court notes that Richita M. Hackford, et al. (collectively, "Plaintiffs") are proceeding pro se in this case.  Consequently, the court will construe their pleadings liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

Plaintiffs filed this action in state court on October 6, 2010.[2]  The case was removed to this court on January 21, 2011.[3]  On April 13, 2011, Plaintiffs filed a motion for a temporary restraining order or preliminary injunctive relief.[4]  The court denied both motions on May 6,

---

[1] *See* docket no. 34.

[2] *See* docket no. 1.

[3] *See id*.

[4] *See* docket no. 5.

2011.[5]  Plaintiffs appealed that decision to the Tenth Circuit, which affirmed the denial of the motions and remanded the case to this court.[6]

On April 28, 2011, the State of Utah, Roosevelt Adult Probation & Parole, Brad Draper, and Tom Kosmack (collectively, "State Defendants") filed a motion to quash service of process and a motion to dismiss for failure to serve within time limits.[7]  On September 6, 2011, the court denied the motion to dismiss, but granted in part the motion to quash service of process and ordered that "Plaintiffs shall have 90 days from entry of this order to effect proper service on [the State Defendants"].  Failure to do so will result in dismiss[al] of [the State Defendants] from the case."[8]

As of July 11, 2013, there had been no activity in this case for over one year.  Accordingly, on the same date, this court entered an order to show cause directing Plaintiffs to respond to the court in writing no later than August 2, 2013, to inform the court of the status of the case and their intentions to proceed.[9]  Plaintiffs were warned that their failure to do so would result in a recommendation to Judge Benson that this case be dismissed.

---

[5] *See* docket no. 17.

[6] *See* docket no. 33.

[7] *See* docket no. 9.

[8] Docket no. 30.

[9] *See* docket no. 35.

On July 30, 2013, Plaintiffs filed a document captioned as an "Order to Show Cause," which essentially was a resubmission of their motion for a temporary restraining order or preliminary injunctive relief.[10] The State Defendants and the Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("COP"), another named defendant in this case, responded to Plaintiffs' filing on August 19 and August 20, 2013, respectively.[11]

In their response, the State Defendants argue that they should be dismissed from this case based upon Plaintiffs' failure to serve them within the time period indicated in the court's September 6, 2011 order. It its response, the COP argues that the court should not entertain Plaintiffs' second request for a temporary restraining order or preliminary injunctive relief because this court has already denied that request, and the Tenth Circuit has affirmed that decision. The COP also argues that it should be dismissed from the case.

Subsequently, Plaintiffs filed four additional documents, each of which essentially reasserts their claims for a temporary restraining order or preliminary injunctive relief.[12] However, Plaintiffs have not filed proof of service of their complaint upon any of the named defendants, notwithstanding the fact that this case has been pending in this court for nearly three years.

---

[10] Docket no. 36.

[11] *See* docket nos. 37, 38.

[12] *See* docket nos. 39, 40, 41, 44.

## ANALYSIS

In relevant part, rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Further, rule 4(*l*)(1) provides that "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(*l*)(1).

With respect to the State Defendants, the court concludes that they should be dismissed from this case. Plaintiffs failed to properly serve the State Defendants within 120 days after their complaint was filed, and thereafter failed to serve the State Defendants within the 90-day time period indicated in the September 6, 2011 order. Indeed, there is no proof of service in the docket indicating that Plaintiffs have served the State Defendants, as required by rule 4(*l*)(1). The September 6, 2011 order clearly served as the notice required by rule 4(m), and Plaintiffs have not shown any cause, let alone good cause, for their failure to serve the State Defendants.

Concerning the COP and all other named defendants in this case, the court concludes that they likewise should be dismissed from this case. While the September 6, 2011 order did not specifically state that Plaintiffs were required to serve all named defendants within the 90-day period of time, the court has determined that it served as adequate notice to Plaintiffs under rule 4(m) that service of their complaint on all named defendants was a requirement before their case could proceed. As with the State Defendants, there is no proof of service in the docket for the COP or any of the other named defendants, as required by rule 4(*l*)(1), and none of Plaintiffs'

pleadings provide any cause, let alone good cause, for their failure to effect service on those defendants.

As a final matter, the court has determined that Plaintiffs have not adequately prosecuted their case, which is another ground for dismissal. As noted above, this case has been pending in this court for nearly three years. Rather than serving their complaint on the named defendants and moving this case forward, Plaintiffs have done nothing more than repeatedly reassert their requests for a temporary restraining order or preliminary injunctive relief, notwithstanding the fact that those requests were denied by this court, and that denial was affirmed by the Tenth Circuit.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that this case be **DISMISSED** based on Plaintiffs' failures to comply with rule 4 and effectively prosecute their case.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 14th day of January, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

5